# Richmond

## CITY OF NORFOLK V. COUNTY OF PRINCESS ANNE, ET AL.

June 16, 1958.

Record No. 4778.

Present, All the Justices.

*Joseph L. Kelly, Jr.* and *James M. Robertson (Leonard H. Davis, City Attorney; Jonathan W. Old,* on brief), for the appellant, the city of Norfolk.

*William L. Parker (Paul W. Ackiss, Jr.; Robert S. Wahab, Jr., Commonwealth's Attorney,* on brief), for the appellee, the county of Princess Anne.

*H. M. Woodward (Woodward & Ward,* on brief), for the appellees, W. W. Oliver, Sr., et al.

*Per Curiam.*

The City of Norfolk instituted this proceeding against the County of Princess Anne under Code, 1952 Cum. Supp., § 15-152.2, *etc.,* for the annexation of certain territory lying in the county. From a final

order the city has appealed. Its main contentions are, (1) the lower court should have found and ordered that it is necessary and expedient that there be annexed to the city all, or a larger portion, of the territory sought to be annexed, and (2) the order appealed from does not make the proper financial adjustments between the city and the county required by law.

Upon careful consideration of the record, briefs and oral arguments of counsel, we find that these matters have been fully considered and correctly dealt with in the opinion of the lower court.

Some weeks after the lower court had announced its decision as to the territory to be annexed, the city moved the court to reconsider its decision and admit additional evidence to be offered by the city showing the necessity for and expediency of ordering the annexation of more territory. This motion was overruled, and that action is assigned as error.

Assuming, without deciding, that the lower court had the authority under the statute to grant the motion, the assignment is without merit. There had been a full hearing as to what territory should be annexed and the issue had been decided. No valid reason was advanced why the city, which had had full opportunity to present its evidence to sustain its case, should, after decision of the issue, be allowed additional opportunity to present evidence to better its case. Clearly, the refusal of the lower court to entertain the motion was within its sound judicial discretion.

The order appealed from provides that it is to become effective at midnight on December 31, 1957. That date having passed pending this appeal, the order will be amended to provide that it will be effective at midnight on December 31, 1958. *County of Henrico* v. *City of Richmond*, 177 Va. 754, 805, 15 S. E. 2d 309, 328.

With this modification the order is

*Affirmed.*